# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **3:CR-23-255** |
| | : | |
| **v.** | : | **(Judge Mannion)** |
| | : | |
| **CHRISTOPHER HORSFIELD** | : | **(Electronically filed)** |

## HORSFIELD'S SENTENCING MEMORANDUM

### Procedural History

On September 27, 2023, a six count Indictment was filed charging Horsfield with the production, distribution, receipt and possession of child pornography.

On March 15, 2024, Horsfield appeared before United States District Judge Malachy E. Mannion and pled guilty to production of child pornography.

On May 21, 2024, the Presentence Report was disclosed to the parties. Horsfield filed objections to the Presentence Report, several of which remain outstanding.

Sentencing is scheduled for August 23, 2024.

## Statement of Facts

Horsfield was arrested and detained on related state charges on August 11, 2023. (PSR ¶ 62). Horsfield was indicted on the instant federal offenses on September 27, 2023, and appeared for arraignment on October 12, 2023, via a Writ of Habeas Corpus *Ad Prosequendum* issued by Magistrate Judge Saporito on October 5, 2023. (Defendant's Exhibit A). At the arraignment Horsfield pled not guilty.

On March 15, 2024, Horsfield appeared before this Court and, pursuant to a written plea agreement, pled guilty to Count 1 of the Indictment. With respect to the application of the Sentencing Guidelines, the plea agreement provides that the parties stipulate that pursuant to USSG §1B1.2( c), that in addition to the offenses charged in Count 1, the defendant also committed Counts 2 through 6, thereby causing the sentencing guidelines to be calculated as if the defendant pled guilty to each count of the Indictment. (PSR ¶ 4)

On July 2, 2024, Horsfield pled guilty to the related state charges, to wit, Involuntary Deviate Intercourse with a Child, (Count 3 - Monroe County 1838-CR-23), and Indecent Assault of a Person less than 13 years of Age, (Count One - Monroe County 665-CR-24). Pursuant to the Monroe County Plea Agreement,

Horsfield faces a mandatory 10 year sentence and a maximum sentence of 47 years. (Defendant's Exhibit B). Horsfield is scheduled to be sentenced on the Monroe County Charges on October 23, 2024. (Defendant's Exhibit C)

## Argument

### I. Horsfield moves that the Court grant a Downward Variance from the Advisory Guidelines System.

#### A. Horsfield will receive a substantial state sentence for offense conduct directly related to instant case.

Horsfield submits that a downward variance should be considered because the offense conduct in the present case consists of conduct that forms the basis of a pending state prosecution.

On August 11, 2023, Horsfield was arrested on related state charges[1]. The criminal conduct that forms the basis of the related state charges is **directly related** to Horsfield's offense of conviction in the present case. The criminal conduct that forms the basis of the related state charges has also been determined

---

[1] Two of the three victims identified in the present case were also victims in the state prosecution.

to be **relevant conduct** for purposes of calculating the sentencing guidelines in the instant case. For instance, the age of the victims and the fact that the offense involved the commission of a sexual act or sexual contact have been used as specific offense characteristics to increase Horsfield's offense level by 6 levels. (Presentence Report, ¶¶ 26-27, 35-36). The offense conduct that forms the basis of the related state charges was also used to increase Horsfield's offense conduct 5 levels via the Chapter Four Enhancement, "Pattern of Activity"**.** (Addendum to Presentence Report ¶ 56)

Horsfield is scheduled to be sentenced on the related state charges on October 23, 2024. Horsfield will receive a substantial sentence of at least 10 years and possibly 47 years. Horsfield's standard sentencing guideline for the state court case is **10 years, 3 month to 40 years, 12 months**. Due to the circumstances of the case it is more likely that Horsfield's sentence will fall more towards the aggravated guideline which is **40 years and 18 months**. (See Exhibit B). In any case, Horsfield will receive a substantial state sentence for conduct that is directly related, and considered as relevant conduct, to the instant federal case.

Accordingly, Horsfield submits that the Court should consider the above circumstances as a basis for a downward variance.

### B. Horsfield will not be credited any time served by the Bureau of Prisons.

Horsfield submits that a downward variance should also be considered because the time that Horsfield has spent in custody since his arrest on August 11, 2023, on the related state prosecution will not be credited towards his federal sentence. See, Wiseman v. Wachendorf, 984 F.3d 649 (8th Cir. 2021), (state prisoner not entitled to credit for time spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum)*

"The authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the BOP." Rashid v. Quintana, 372, F.Appx. 260, 262 (3rd Cir. 2010). United States v. Harrison, 2014 WL 1159484 (W.D.PA 2014). A sentencing court has no jurisdiction to order credit for time served to be awarded towards a sentence. United States v. Wilson, 112 S.Ct. 1351 (1992).

A federal sentence of imprisonment begins on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be

served.  18 U.S.C. § 3585(a).  United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005), Newman v. Cozza-Rhodes, 526 Fed. Appx. 818, 821 (10th Cir. 2013).

When two separate sovereigns exercise jurisdiction over the same person during the same time period, the primary jurisdiction over that person is generally determined by which one first obtained custody of, or arrests, the person.  United States v. Cole, 416 F.3d 894 (8th Cir. 2005).  "If, while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be on loan to the other sovereign."  Id. at 896-897.  Primary jurisdiction resides with the first sovereign until that sovereign relinquishes its priority in some way. "Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail, 2) dismissal of the charges, 3) parole, or 4) expiration of sentence."  Id. at 897.  The temporary transfer of custody from state to federal government pursuant to a writ of habeas corpus *ad prosequendum* does not relinquish the state's primary jurisdiction.  Newman v. Cozza-Rhodes, 526 Fed. Appx. 818, 821 (10th Cir. 2013).  Where the federal government takes only temporary custody of a defendant under a writ of habeas corpus *ad prosequendum* the state is entitled to the defendant's return after his federal sentencing hearing under the law of comity and the requirements of the writ.  Newman v. Cozza-Rhodes, 526 Fed. Appx. 818, 821 (10th Cir. 2013)

In this case, the primary jurisdiction over Horsfield is with the Commonwealth of Pennsylvania since he was first arrested on the state charges on August 11, 2023. Horsfield is only in U.S. Marshal's custody pursuant to a Writ of Habeas Corpus *Ad Prosequendum*. See Exhibit A. After sentencing he will be transported to the Monroe County Correctional Facility pending sentencing. Horsfield will receive credit for time served in custody on his state sentence. Because Title 18, U.S.C. § 3585(b), prohibits prior custody credit when awarded towards another sentence, he will not be credited for any of the time spent in federal custody pursuant to the Writ of Habeas Corpus *Ad Prosequendum*.

Accordingly, Horsfield submits that because the state and federal cases are directly related and because Horsfield will not be credited for any of the time spent in custody on the federal sentence, the Court should consider the above circumstances as a basis for a downward variance.

### II. Horsfield moves that the Court Order that the Federal Sentence runs Concurrent with the Anticipated State Sentence.

A federal sentencing court has the discretion to order a federal sentence to run concurrent with or consecutive to an anticipated state sentence yet to be imposed. Setser v. United States, 132 S.Ct. 1463 (2012). When a federal sentence

is silent on the matter, a statutory presumption is triggered; multiple sentences imposed at different times - even as between state and federal sentences - run consecutive." Newman v. Cozza-Rhodes, 526 Fed. Appx. 818, 822 (10th Cir. 2013),(this presumption applies even when a the state court orders its sentence to run concurrent with the federal sentence. A state court cannot alter a federal sentence fn. 9), United States v. Harrison, 2014 WL 1159484 (W.D. PA 2014), (multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently, fn.1).

In the wake of Setser, the United States Sentencing Commission amended U.S.S.G. § 5G1.3 by adding subsection ( c). United States v. Olmeda, 894 F.3d 89, 92 (2nd Cir. 2018). Presently, U.S.S.G. § 5G1.3, Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment *or Anticipated State Term of Imprisonment,* states as follows:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) if subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for

> the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prison; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remained of the undischarged term of imprisonment.
>
> ( c) If subsection (a) does not apply, and ***a state term of imprisonment is anticipated to result from another offense that is relevant conduct*** to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), ***the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment***.
>
> USSG § 5G1.3

The word "anticipated", although not defined by Section 5G1.3( c), has been understood to have the same meaning that it had in <u>Setser</u>, to wit, "that an anticipated state sentence must, at minimum, encompass sentences associated with state charges for ***relevant conduct*** that are pending at the time of a defendant's federal sentencing.". <u>United States v. Olmeda</u>, 894 F.3d 89, 93 (2nd Cir. 2018). Pursuant to 18 U.S.C.. § 3553(a)(5), because Section 5G1.3 is a pertinent Sentencing Commission policy statement, the sentencing court is required to consider it when imposing sentence.  Id. at 93.

In this case, Horsfield is facing a substantial state sentence for conduct that is directly to his federal charges. In essence, the state charges are a subset of the federal charges. At a minimum, the offense conduct of the state charges constitute relevant conduct in the present case. Horsfield will serve his state sentence first and will not receive a day of credit towards his federal sentence until his state sentence is served.

Accordingly, Horsfield requests that the Court order his federal sentence to run concurrent with the anticipated federal sentence.

## Conclusion

Based upon the foregoing, the Defendant Christopher Horsfield requests that the Court grant a downward variance and impose a sentence that runs concurrent with the anticipated state sentence.

Respectfully submitted,

Date: August 19, 2024

s/Gino Bartolai
**Gino Bartolai, Esquire**
**Attorney ID# PA 56642**

238 William Street
Pittston, Pennsylvania 18640
(570) 498-1135
E-mail: Bartolai@ptd.net
Attorney for Christopher Horsfield

# CERTIFICATE OF SERVICE

I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via e-mail, a copy of the foregoing **Sentencing Memorandum,** to the following

       David C. Williams, Esquire
       Assistant United States Attorney

       Christopher Horsfield

Date: August 19, 2024                             s/Gino Bartolai
                                                         **Gino A. Bartolai, Esquire**