IN THE COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA :
: 1838 CR 2023
: 665 CR 2024
v. :
:
CHRISTOPHER HORSFIELD :

**GUILTY PLEA AND COLLOQUY**

1. I INTEND TO PLEAD GUILTY to the following criminal offenses(s):

| Count | Charges | Offense Grading | Maximum Penalty |
|---|---|---|---|
| 1838CR23 – Ct 3 | Involuntary Deviate Intercourse W/Child | F1 | 40 years $25,000 |
| 665CR24 – Ct 1 | Indecent Assault Person Less than 13 years of age | F3 | 7 years $10,000 |

2. SENTENCING GUIDELINES FOR THE OFFENSE(S):

| Gravity Score | Prior Record Score | Mitigated | Standard | Aggravated |
|---|---|---|---|---|
| 14 | 0 | 60 | 10 years – SL | SL |
| 6 | 0 | RS | 3 – 12 | 18 |

3. ELEMENTS OF THE OFFENSE(S). I understand all of the elements of each offense listed above and am guilty of them because I did the following:

1838 CR 2023 – On or about March 17, 2023 in Stroud Township, Monroe County, PA I engaged in deviate sexual intercourse with a minor with the initials T.H. who was less than 13 years old.

665 CR 2024 – Between February 5, 2023 and March 15, 2023 in Stroud Township, Monroe County, PA I had indecent contact with a child less than 13 years of age with the initials D.H..


DEFENDANT'S EXHIBIT B

4. PROSECUTION AGREEMENT(S). In return for this guilty plea, the Commonwealth has agreed to the following things:

| Nolle Prosequi all remaining charges. |

5. THE MAXIMUM POSSIBLE SENTENCE. I am aware that the penalties for each of the above criminal offenses can be added together by the Court at sentencing for a possible total maximum sentence in this case of:

| 47 years $35,000 |

6. THE MANDATORY MINIMUM SENTENCE. I realize that the following mandatory minimum sentences apply in this case:

| 10 years incarceration. Must register under SORNA for life. |

7. THINGS THAT COULD AUTOMATICALLY INCREASE MY SENTENCE. I realize that there may be increases to my sentence because a weapon was possessed or used, or because of the age of the victim, or the location of my crime as follows:

| N/A |

8. NO SENTENCING AGREEMENT. I acknowledge that there are no agreements for sentencing except as may be set forth in paragraph 4 above. I understand that any agreement for sentencing is not binding on the Court and I have not been guaranteed a specific sentence in exchange for this plea. The Court retains the power to decide my sentence.

9. THE RIGHTS I GIVE UP BY ENTERING A PLEA OF GUILTY. I understand that the law presumes me innocent and requires proof beyond a reasonable doubt to convict me of any crime. I understand that by entering a guilty plea I am no longer presumed innocent, I am convicting myself of the charges to which I am pleading guilty, and I will be presumed guilty of those charges beyond a reasonable doubt. Furthermore, I acknowledge the additional rights I possess which are listed below, and give them up as part of my plea

- To have a trial by jury of 12 people from the community, or by a judge alone.
- To participate in the selection of a jury, and to challenge any juror for cause, and exercise any peremptory challenges that I am entitled to.
- To require the Commonwealth to prove my guilt beyond a reasonable doubt as to each and every element of the offenses charged.
- To cross-examine Commonwealth witnesses, to compel any witness to testify on my behalf, to testify myself or choose to remain silent at trial. If I remain silent, the judge would tell the jury they cannot infer guilt because of it.
- To have my attorney file and litigate pre-trial motions as necessary, including those challenging illegal evidence, or seeking dismissal of the case on legal grounds, or to challenge anything that may have been improper in the investigation and prosecution of my case by the Commonwealth.

10. OTHER IMPORTANT CONSEQUENCES OF MY GUILTY PLEA. I understand that by pleading guilty I will be convicted of crime[s] and there may be some collateral consequences of this criminal conviction. Collateral consequences include the ability of the prosecution to hold this conviction against

me in the future if I am charged with other crimes. The consequences also include but are not limited to the loss or restriction of a professional license, loss of voting rights, ineligibility for jury duty, ineligibility for public funds including welfare benefits and student loans, and could be a factor to be considered when determining custody of my children. Immigrants, including those who, while not U.S. citizens, hold permanent resident status may undergo deportation or be refused reentry into the United States. Lawmakers may in the future add further collateral consequences to criminal conviction that we have no way to predict now.

11. I KNOW WHAT I AM DOING AND IT IS VOLUNTARY. I am not mentally disabled or under the influence of any drugs or alcohol. I am not suffering from any disability which affects my own free will, and am free of duress. I am giving up my trial rights knowingly, voluntarily and intelligently.

12. MY APPEAL RIGHTS ARE LIMITED AFTER A PLEA. I retain the right to contest only the following things on appeal after I am sentenced:

    a. Jurisdiction of the Court
    b. Legality of the sentence
    c. Validity of this plea, including claims involving my constitutional right to effective counsel

13. I HAVE CONFERRED WITH MY ATTORNEY BEFORE THIS PLEA. I have had an opportunity to discuss this plea agreement with my attorney, with whom I am satisfied.

14. THE COURT CAN REFUSE TO ACCEPT THE PROPOSED PLEA. I understand that the Court is not required to accept this plea agreement. If it does not, then the proposed plea does not become final and I retain my rights to a trial.

## PLEA OF GUILTY

I SWEAR & AFFIRM THAT I HAVE READ THIS DOCUMENT IN ITS ENTIRETY OR HAD IT EXPLAINED TO ME, UNDERSTAND IT COMPLETELY, AND BELIEVE THIS PLEA IS IN MY BEST INTEREST.

BY SIGNATURE BELOW I ENTER A PLEA OF GUILTY TO THE OFFENSE(S) SPECIFIED IN PARAGRAPH 1 OF THIS PLEA COLLOQUY FORM; WHICH IS FINAL WHEN ACCEPTED BY THE COURT.

Defendant's Signature _[signature]_   Date 6/25/24

DEFENSE ATTORNEY CERTIFICATION. I certify with this Defendant that: (1) I have explained this plea agreement and the Defendant's rights to the Defendant; (2) he/she wishes to plead guilty; (3) I have discussed the facts and the law of this case with the Defendant; and (4) I believe the Defendant understands the consequences of pleading guilty.

Attorney for Defendant _[signature]_   Date 7/1/24

Approved by

Assistant District Attorney _[signature]_   Date 7/1/24