UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIM. NO. 3:23-CR-00255** |
| | : | |
| v. | : | **(Judge Mannion)** |
| | : | |
| | : | **Electronically Filed** |
| **CHRISTOPHER HORSFIELD,** | : | |
| Defendant. | : | |

### UNITED STATES' SENTENCING MEMORANDUM

The United States files this Sentencing Memorandum as an aid to the Court in the sentencing of the defendant Christopher Horsfield, currently scheduled for August 23, 2024.

Between November 1, 2022 and August 11, 2023, Horsfield acquired, created, and distributed child pornography—some of which Horsfield personally created with minor victims. For his crimes, Horsfield would face life imprisonment, but for the fact that he is statutorily capped at 360 months' imprisonment. The Court should sentence Horsfield to imprisonment for 360 months, concurrent to any anticipated state sentence of imprisonment. Such a sentence appropriately comports with the Section 3553(a) factors. Chiefly, it reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense; it protects the public from

further crimes of the defendant; and it affords adequate specific and general deterrence to criminal conduct.

## PROCEDURAL HISTORY AND UNDERLYING FACTS

On September 27, 2023, a grand jury returned a six-count indictment charging Horsfield with production of child pornography, in violation of Title 18, United States Code, Section 2251 (Counts 1 and 2); distribution of child pornography, in violation of Title 18, United States Code, Section 2252 (Count 3); receipt of child pornography, in violation of Title 18, United States Code, Section 2252 (Counts 4 and 5); and possession of child pornography, in violation of Title 18, United States Code, Section 2252 (Count 6). Doc. 1.

On March 15, 2024, Horsfield pleaded guilty to producing child pornography, as charged in count 1 of the indictment, pursuant to a plea agreement in which the Government agreed to dismiss the remaining counts after sentencing. Docs. 30, 34. As part of the plea agreement, Horsfield stipulated and agreed that in addition to the offense charged in count 1, he committed each of the production, distribution, and possession offenses charged in counts 2, 3, 4, 5, and 6 of the indictment. Doc. 30 at ¶ 13.  Horsfield also agreed that in lieu of pleading guilty to each of these counts, his guidelines would be calculated as if he had been

2

convicted of each of them. *Id.*

On August 11, 2023, Horsfield was arrested on state charges related to the instant offense and has been continuously detained since that date. Doc. 40 at p. 1.

### Horsfield's Victimization of Multiple Minors

The final presentence report (or "PSR") accurately summarizes the defendant's offense conduct. PSR at ¶¶ 6-13. Briefly, while investigating a report of inappropriate contact between Dylan Ruppert and his minor neighbor, the York County Regional Police Department discovered communications between Ruppert and Horsfield on Ruppert's phone that included videos (1) of Horsfield and a minor male laying in bed together with exposed genitals; and (2) a minor male performing oral sex on Horsfield. PSR at ¶ 7. Subsequent investigation determined that Horsfield possessed 2,125 images and 218 videos of child pornography on his iPhone, including several self-produced videos and images of child pornography with Victims 1 and 2; investigators further determined that Horsfield had shared videos of child pornography with others. *Id.* at ¶¶ 8-10, 12. In interviews with law enforcement, Horsfield admitted to utilizing the Telegram application (or "app") to disseminate the child sex videos Horsfield produced to others, as well as sharing other child

pornography with others. *Id.* at ¶ 13. Horsfield further admitted to engaging in oral and anal sex with a then-15-year-old male, Victim 3. *Id.* Further investigation of Horsfield's phone yielded video of Victim 3 performing oral sex on Horsfield.

## The PSR's Guideline Calculation

The final presentence report was filed on July 17, 2024. Doc. 40. The PSR calculated the defendant's total offense level (after a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. §3E1.1) to be 43. PSR at ¶¶ 19-60. Horsfield's criminal history category was calculated to be I. *Id.* at ¶¶ 61-64. Based on an offense level of 43 and a criminal history category of I, the PSR calculated Horsfield's advisory guideline range to be life imprisonment; however, because the statutorily authorized sentence is 30 years, the guideline imprisonment term is 360 months. *Id.* at ¶ 90. Horsfield is further subject to a minimum term of imprisonment of 15 years. *Id.* at ¶ 89.

## Restitution

Horsfield agreed to allow the Court to determine appropriate restitution based on Title 18, United States Code, Section 2259 for identifiable victims in the images of child pornography. Doc. 30 at ¶¶ 22-24; PSR at p. 4.

4

The Government is aware of this Court's Memorandum and Order in *United States v. Dickey*, 3:23-cr-00059 concerning restitution. 3:23-cr-00059 at Docs. 42, 43. Because a Victim Information report identifying series found in the National Center for Missing and Exploited Children ("NCMEC") Child Identification Report ("CIR") was not received until August 19, 2024, and because the number of series (and victims) is extensive, the Government requests 90 days to comply with the Court's requirements as set forth in *Dickey*.

By email dated August 20, 2024, Horsfield advised, "Note our objections as per the 'dickey case', Judge Mannion's recent opinion on the matter." To date, Horsfield has provided no additional details. To the extent Horsfield challenges the mandatory restitution provision at Title 18, United States Code, Section 2259 as a potential double jeopardy clause violation, the United States recognizes there is a potential, at some point after Horsfield is sentenced, for another Court to find a higher total restitution amount because the victims are continuously revictimized by the ongoing distribution of their images, the actual amount that Horsfield owes will never increase and does not penalize him twice. "[I]mposing the same penalty twice for a single offense without giving credit for the portion of a sentence already satisfied is the very definition

5

of a Double Jeopardy violation." *United States v. Norwood*, 49 F.4th 189, 210 (3d. Cir. 2022). Section 2259 in no way permits, allows or directs Horsfield to pay his ordered restitution amount twice. Whatever money Horsfield pays towards his court-ordered restitution amount would be credited to Horsfield and he is able to raise that argument in any subsequent proceedings.

### Horsfield's Objections and Sentencing Memorandum

### Horsfield's Objections Lack Merit

First, Horsfield objects to PSR paragraph 37, arguing that Victim 2 was not a toddler and, thus, Horsfield should not receive an enhancement pursuant to U.S.S.G. §2G2.1(b)(4)(B). Doc. 41 at p. 1. At the time of Horsfield's conduct as pleaded in Count 1 (occurring between November 1, 2022 and August 11, 2023), Victim 2 was between two and three years old. Doc. 1. The 2023 Guidelines Manual does not define the term "toddler." The ordinary meaning of toddler is typically defined as a child between the ages of one and three years old. *Accord* American Academy of Pediatrics, "Ages & Stages," available at https://www.healthychildren.org/English/ages-stages/Pages/default.aspx ("Toddler: 1-3 yrs. Your child is advancing from infancy toward and into the preschool years.") (last accessed Aug. 22, 2024); Cleveland Clinic,

6

"Toddler Developmental Milestones & Safety," available at https://my.clevelandclinic.org/health/articles/22625-toddler-developmental-milestones--safety ("At what age does a baby become a toddler? Toddlers are children between the ages of 1 and 3.") (last accessed Aug. 22, 2024); 18 Pa.C.S. § 3270.4 ("Age level—The grouping category appropriate for the child's age . . . (ii) Young toddler—A child from 1 to 2 years of age. (iii) Older toddler—A child from 2 to 3 years of age."). As such, Horsfield should receive an enhancement pursuant to U.S.S.G. §2G2.1(b)(4)(B).

Second, Horsfield objects to PSR paragraph 49, arguing that he should not receive a two-level increase under U.S.S.G. §3A1.1(b)(1) because he "learned of the victim's mental health issues after the fact." Doc. 41 at p. 1. As Probation correctly observes, §3A1.1(b)(1) is appropriately applied if the defendant knew *or should have known* that a victim of the offense was a vulnerable victim. U.S.S.G. §3A1.1(b)(1); *see also* U.S.S.G. §3A1.1(b)(1) App. Note 2 (providing that "vulnerable victim" means a person "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct."). As set forth in the PSR and in Probation's Addendum to the Presentence Report, the evidence is sufficient to support this

enhancement. *See* Doc. 41 at pp. 1-2; *see also* PSR at ¶ 13 (identifying Victim 3 as being "home-schooled and [having] psychological issues that stemmed from confusion of his sexual orientation").

Third, Horsfield objects to PSR Paragraph 56, arguing against a 5-level enhancement pursuant to U.S.S.G. §4B1.5(b)(1). Section 4B1.5(b)(1) applies "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime, neither §4B1.1 [Career Offender] nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. §4B1.5(b)(1). As set forth in the PSR and as charged and pleaded to, Horsfield clearly engaged in a "pattern of activity involving prohibited sexual conduct," involving three separate victims over a substantial period of time. The record more than supports a finding that a five-level enhancement applies.

Last, Horsfield objects to PSR paragraph 106, which states "[n]o factors have been identified under 18 U.S.C. § 3553(a) that would warrant a sentence outside the advisory guidelines system." Doc. 41 at p. 2. This objection is addressed below.

<u>Horsfield's Sentencing Memo</u>

Horsfield filed a sentencing memorandum on August 21, 2024. Doc.

44. First, Horsfield argues for a downward variance as a result of his anticipated state sentence for related conduct. *Id.* at pp. 3-7. Second, Horsfield asks the Court to impose his federal sentence concurrent to his anticipated state sentence. *Id.* at pp. 7-10.

## ARGUMENT

### Horsfield's Offense Conduct Warrants a 360-Month Sentence

District courts engage in a familiar three-step process when sentencing criminal defendants:

> A district court must begin the process by first calculating the applicable sentencing guidelines range. After that initial calculation, the court must then rule on any motions for departure, if a motion is granted state how the departure affects the guidelines calculation. Finally, after allowing the parties an opportunity for argument, the court must consider all of the § 3553(a) factors and determine the appropriate sentence to impose, which may vary from the sentencing range called for by the guidelines.

*United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).

### The Guideline Calculation is Accurate

The PSR accurately calculated Horsfield's applicable guideline range at life imprisonment based on a total offense level of 43 and a criminal history category of I, capped at a statutory maximum of 360

9

months' imprisonment. PSR at ¶ 90.

### There are No Motions for Departure

At step two, Horsfield has not requested a downward departure and the Government does not believe there is any basis for such a departure.

### The 3553(a) Factors Warrant a Sentence of 360 Months' Imprisonment

At step three, the Court is enjoined to consider the 18 U.S.C. § 3553(a) factors and any variances from the guidelines range that may be appropriate.

The offense for which Horsfield is to be sentenced—producing homemade child pornography—is indisputably serious and warrants a sentence that reflects the seriousness of the offense, promotes respect for the law, provides for just punishment, and deters others from engaging in similar conduct.

Generally, the Court should sentence Horsfield within the applicable guideline range, "…unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b)(1); *accord United States v. Likens*, 464 F.3d 823, 825 (8th Cir. 2006) ("The guideline range, though advisory,

is presumed to be reasonable.") (citation omitted). Here, a sentence of probation would represent a 100 percent downward variance from the bottom of the applicable advisory guideline range and would be an extraordinary, unwarranted reduction. *See Likens*, 464 F.3d at 825 ("An extraordinary reduction must be supported by extraordinary circumstances.").

Here, there is nothing to commend a sentence below the guidelines. Horsfield reported 'a near perfect childhood' free from abuse"—a childhood he denied his victims. PSR at ¶ 67. Horsfield denied serious physical, mental health, or substance abuse issues. *Id.* at ¶¶ 74-76. Horsfield obtained higher education and maintained steady employment. ¶¶ 77-84.

A sentence of 360 months' imprisonment would "reflect the seriousness of the offense, [] promote respect for the law, [and] provide just punishment for the offense," and would it "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)-(B). A sentence of 30 years would further protect the public from further crimes of Horsfield. 18 U.S.C. § 3553(a)(2)(C). The fact that Horsfield anticipates a lengthy state sentence for related conduct is of no moment.

That said, the 2023 Guidelines Manual provides that, in

circumstances found here, a concurrent sentence is appropriate. Section 5G1.3 provides

> If subsection (a) [instant offense committed while subject to an undischarged term of imprisonment] does not apply, and a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense *shall be imposed to run concurrently to the anticipated term of imprisonment.*

U.S.S.G. §5G1.3(c) (emphasis added); *accord* U.S.S.G. §5G1.3(c) App. Note 3 ("Subsection (c) applies to cases in which the federal court anticipates that, after the federal sentence is imposed, the defendant will be sentenced in state court and serve a state sentence before being transferred to federal custody for federal imprisonment. In such a case, where the other offense is relevant conduct to the instant offense of conviction . . . the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment."). As such, a sentence of imprisonment, imposed concurrent to any anticipated state term of imprisonment, is appropriate.

## **CONCLUSION**

For the reasons stated above, the Court should impose a sentence of 360 months' imprisonment, concurrent to any anticipated state term of imprisonment.

                                        Respectfully submitted,

                                        GERARD M. KARAM
                                        United States Attorney

Dated:  August 22, 2024            /s/ David C. Williams
                                        David C. Williams
                                        Assistant United States Attorney
                                        PA 308745
                                        Sylvia Rambo U.S. Courthouse
                                        1501 N. 6th Street, Box 202
                                        Harrisburg, PA 17102
                                        Phone: (717) 614-4245
                                        Fax: (717) 221-4493
                                        david.williams4@usdoj.gov

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 3:23-CR-00255 |
| | : | |
| v. | : | (Judge Mannion) |
| | : | |
| | : | Electronically Filed |
| CHRISTOPHER HORSFIELD, | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on Thursday, August 22, 2024, he served a true and correct copy of the foregoing

**UNITED STATES' SENTENCING MEMORANDUM**

by electronic case filing system, to:

Addressees:    ATTORNEY Gino Bartolai
               gbartolai@outlook.com


                                    /s/ David C. Williams
                                    David C. Williams
                                    Assistant U.S. Attorney